MARY E. BROOKS, *et vir*, v. JOE W. MATHERS, as Administrator of the Estate of John R. Mathers, deceased.

176 So. 433.

Opinion Filed October 15, 1937.

*Samuel W. Getzen, T. H. Getzen, John D. Shepard* and *J. C. Walker,* for Appellants;

*W. C. Vaughn,* for Appellee.

CHAPMAN, J.—This cause is here on an appeal from a final decree of foreclosure dated June 3, 1936, as entered by the Honorable M. B. Smith, a Judge of the Circuit Court of Brevard County, Florida. The parties to this cause in this opinion will be referred to as plaintiff and defendants as they appeared in the lower court.

Counsel for defendant urges here six different assignments of error as reason or reasons for the reversal of the

final decree appealed from. The first being the order of the court dated January 11, 1936, sustaining a motion to strike paragraph eleven of defendant's answer filed December 2, 1936. We have examined the brief of counsel for the defendants without finding the reason or reasons or. the citation of authorities showing or pointing out the error for the basis of this assignment. We have examined paragraph eleven of the answer stricken and failed. to find error. The record shows that the Special Master on March 16, 1936, mailed to counsel of record notice of a hearing to be held and had before him in the cause on March 30, 1936, and no appearances were made by counsel for the defendants or any one in their behalf.

The second assignment of error is the order of the court dated January 23, 1936, appointing Attorney G. Garlan Herin as Special Master and with directions as recited in the order. We have no authorities in the briefs of counsel for the respective parties showing error in the entry of this order of reference by the lower court.

The 4th, 5th and 6th assignments are predicated on the entry of the final decree as. made by the lower court. We have examined the final decree in the light of the criticism directed thereto and while it is not a model to be approved and followed, yet it is sufficient to withstand the attacks made here.

The decree appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J.. concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The decree does not adjudicate that the defendants are *indebted* to complainant in any amount. It merely orders the defendants to pay complainant certain amounts as being due under the note and mort-

gage, and that if they fail to pay, the property shall be sold on a certain rule day by the special master after notice of sale has been "duly advertised." The decree does not fix the time within which the defendants may pay and satisfy the decree, nor does it state *how* or for what length of time notice of by advertisement shall be given. Nor does it fix the *place* where the sale shall be had. I think the decree is so indefinite as to render it invalid as a decree of foreclosure, or at least seriously erroneous, which would entitle the appellants to a reversal and remandment of the cause.